ACME BREWING CO. *v.* FLETCHER, tax-collector, *et al.*

This case in principle is controlled by the decision rendered at the present term in the case of *Smith* v. *State*, ante, 227. The court erred in denying the injunction.

Argued November 10, — Decided December 9, 1899.

Petition for injunction. Before Judge Smith. Irwin county. July 20, 1899.

*D. B. Jay* and *Estes & Jones*, for plaintiff in error.
*J. F. DeLacy, solicitor-general*, and *James Bishop Jr.*, contra.

COBB, J. The Acme Brewing Company filed a petition to enjoin the tax-collector of Irwin county from levying and col-

lecting a tax execution issued against it for the purpose of enforcing the payment of a specific tax alleged to be due by it as a brewing company for the year 1899. The petition alleges that the plaintiff is a brewing company having its principal place of business in Bibb county; that it has paid to the tax-collector of that county three hundred dollars, the amount required of it under the general tax act of 1898; that it has established a depot or branch warehouse in Irwin county, from which orders are filled when it is more convenient to do so than from its warehouse in Bibb county; but that, having paid the tax-collector of Bibb county the amount required of it under the general tax act of 1898, it has a right to do business as a brewing company in Irwin county without paying any additional tax. The judge refused to grant the injunction, and the plaintiff excepted.

The tax required of brewing companies for the years 1899 and 1900 is prescribed in the 23rd paragraph of the second section of the general tax act of 1898, and is in the following language: " Upon brewing companies, three hundred dollars, and upon all others who are engaged in the sale of beer, whether on consignment or otherwise, who have not paid the tax as liquor-dealers imposed by paragraph 15 of this section, for each place of business in each county where they carry on business, two hundred dollars." The only difference between the section just quoted and the section of the act of 1896 relating to this matter is as to amount; and in reference to the latter section it was held in *Smith* v. *State*, ante, 227, that " A brewing company which paid to the State a tax of $200 for the year 1897 did not, by establishing in a county other than that in which its plant was located an agency for the sale of beer manufactured by it and selling thereat such beer during that year, become liable to the State for any additional tax." Following the principle of the ruling just quoted, it is manifest that the plaintiff in error in the present case is not liable to pay a tax as a brewing company for the year 1899 in Irwin county, it having already paid the tax to the tax-collector of Bibb county. It was error, therefore, to refuse to grant the injunction prayed for.

*Judgment reversed. All the Justices concurring.*